**ANSA ASSUNCAO LLP**
**(A Pennsylvania Limited Liability Partnership)**
By:      Roman T. Galas, Esquire
roman.galas@ansalaw.com
Two Tower Center Blvd., Suite 1600
East Brunswick, New Jersey 08816-1100
T: (732) 993-9850
F: (732) 993-9851
*Attorneys for Defendant KONE Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATRICIA BAQUERO,<br><br>             Plaintiff,<br><br>        v.<br><br>KONE INC. (a Delaware Corporation); and JOHN DOES 1-10 & ABC COMPANIES 1-10 (fictitious names),<br><br>             Defendants. | Civil Action No.: _____<br><br><br>**NOTICE OF REMOVAL**<br><br>**JURY TRIAL DEMANDED** |

TO:     THE CLERK OF THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW JERSEY AND TO PLAINTIFF
        AND HER COUNSEL OF RECORD:

        PLEASE TAKE NOTICE that Defendant KONE Inc. ("Defendant" or "KONE"), by and through its attorneys, Ansa Assuncao, LLP, hereby files the following Notice of Removal of the above-captioned matter currently pending in the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2508-16 (the "State Court Action"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, with full reservation of any and all objections.  A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, Hudson County, thereby removing the State Court Action to this Court.  The following is a short and plain statement of the grounds for removal of the State Court Action to this Court:

## I.      PROCEDURAL HISTORY

1.      On June 20, 2016, Plaintiff Patricia Baquero ("Plaintiff") filed a Complaint which commenced the State Court Action. In accordance with 28 U.S.C. § 1446(a), copies of all documents specified in § 1446(a) that have been served upon Defendant in this action, including the Complaint, are attached hereto as Exhibit A.

2.      The State Court Action arises out of an alleged incident wherein Plaintiff states that she was "struck" and "trapped" by elevator doors when she attempted to enter an elevator at University Hospital, 150 Bergen Street, Newark, NJ 07103. (*See* Compl. at ¶¶ 5-7.)

3.      The Complaint asserts counts sounding in negligence, product liability, and breach of express and implied warranties. (*See* Compl. at 2-7.)

4.      The Complaint also asserts a count of punitive damages. (*See* Compl. at 8-9.)

## II.      TIMELINESS OF REMOVAL

5.      Plaintiff's Complaint was served on Defendant on June 27, 2016. (*See* Affidavit of Service, attached as part of Exhibit A.)

6.      Thus, under the thirty-day removal period specified in 28 U.S.C. § 1446(b), this removal is timely.

## III.      VENUE

7.      Venue is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the removed action was pending, the Superior Court of New Jersey, Hudson County.

## IV.      BASIS FOR REMOVAL

8.      This Court has original jurisdiction over this action because: (1) there is complete diversity of citizenship between Plaintiff and Defendant; and (2) the matter in controversy,

excluding interest and costs, exceeds the sum or value of $75,000.00.  *See* 28 U.S.C. § 1332(a).

**A.     Diversity of Citizenship**

9.      Plaintiff is a citizen of New Jersey and resides therein "at 695 Minnie Place, Secaucus, New Jersey 07094, County of Hudson, State of New Jersey." (*See* Compl. at 1.)

10.     KONE is a corporation incorporated in the State of Delaware with its principal place of business in Moline, Illinois. (*See also* Compl. at ¶¶ 1-2.) Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), KONE is a citizen of both Delaware and Illinois.

11.     Pursuant to 28 U.S.C. § 1441(b)(1), the fictitious, unknown "John Does" and "ABC Companies" defendants named in Plaintiff's Complaint should not be considered for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1441(b)(1).

12.     The "John Does" and "ABC Companies" defendants named in Plaintiff's Complaint should also not be considered for purposes of consensus on removal.  *See Michaels v. State of N.J.*, 955 F. Supp. 315, 319 (D.N.J. 1996) (citing *Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995)) (stating unanimity rule should be disregarded where non-joining defendant is unknown party or has not been served).

13.     Therefore, the diversity of citizenship requirement is satisfied.  *See* 28 U.S.C. § 1332(a)(1).

**B.     Value of Matter in Controversy**

14.     Plaintiff alleges that she was "struck" and "trapped" by elevator doors when she attempted to enter an elevator at University Hospital, 150 Bergen Street, Newark, NJ 07103.  (*See* Compl. at ¶¶ 5-7.)

15.     The Complaint states that "[t]he doors seriously injured Plaintiff." (Compl. at ¶ 8.)

16.     Plaintiff alleges that she was "was painfully and permanently injured." (Compl. at ¶ 14.)

17.     Plaintiff alleges that she "incurred, and in the future will incur, medical expenses to treat her injuries." (Compl. at Count I, ¶ 14.)

18.     Plaintiff alleges that she "was otherwise prevented from attending to her regular employment, pursuits, and duties, and will continue to suffer in the future." (Compl. at Count I, ¶ 14.)

19.     Plaintiff alleges that she "was caused pain and suffering . . . and has been left with permanent disabilities that will affect [her] in the future." (Compl. at Count II, ¶ 14.)

20.     As a result of these alleged injuries, Plaintiff demands compensatory damages and attorney's fees. (*See* Compl. at 3-9.)

21.     Plaintiff further alleges that Defendant's conduct "was intentional, grossly negligent, willful and/or wanton." (Compl. at Count V, ¶ 3.)

22.     Accordingly, Plaintiff also demands punitive damages against Defendant. (*See* Compl. at 3-9.)

23.     A "realistic and objective reading" of the Complaint "shows that the amount in controversy [is] over $75,000," given that Plaintiff has made claims for: (1) serious, painful, and permanent injuries; (2) pain and suffering; (3) past medical expenses; (4) future medical expenses; (5) loss of earnings and impairment of earning capacity; (6) and permanent disability. *See Hocker v. Klurfield*, CIVIL ACTION No. 15-04262, 2015 WL 8007463, at *2-3 (E.D. Pa. Dec. 7, 2015); *see also Johnson v. Organo Gold Int'l, Inc.*, No. CV 15-390, 2015 WL 7353910, at *2 (D. Del. Nov. 20, 2015); *Lewis v. FCA U.S. LLC*, No. CIV.A. 15-2811, 2015 WL 3767521, at *2 (E.D. Pa.

June 17, 2015); *Clark v. J.C. Penney Corp, Inc.*, No. CIV.A. 08-4083, 2009 WL 1564175, at *3 (D.N.J. June 1, 2009).

24.     In addition, in calculating the amount in controversy, the Court must consider Plaintiff's request for attorney's fees. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997); *see also Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 476 (E.D. Pa. 2013).

25.     Further, "punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied." *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993).

26.     In fact, "a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004), *abrogation in part on other grounds recognized by Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 226 (3d Cir. 2008); *see also Nautilus Ins. Co. v. Triple C Const., Inc.*, Civil No. 10-2164 (RBK/JS), 2011 WL 42889, at *3-4 (D.N.J. Jan. 6, 2011).

27.     Given the foregoing, the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

## V.     CONCLUSION

28.     Accordingly, the State Court Action is removable on the basis of the Complaint, and the Court has jurisdiction because (a) the parties are citizens of different states, and (b) the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

## VI.     NOTICE

29.     Pursuant to 28 U.S.C. 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of this filing to Plaintiff, and will file a copy of the Notice of

Removal and exhibits thereto with the Clerk of Clerk of the Superior Court of New Jersey, Law Division, Hudson County.

     **WHEREFORE**, Defendant KONE Inc. respectfully requests that Docket No. L-2508-16 in the Superior Court of New Jersey, Law Division, Hudson County be removed to the United States District Court for the District of New Jersey, and that this Court assume full jurisdiction over this action as provided by law.

Dated:  July 25, 2016

                                   */s/ Roman T. Galas*
                                   Roman T. Galas, Esquire
                                   ANSA ASSUNCAO, LLP
                                   Two Tower Center Blvd., Suite 1600
                                   East Brunswick, New Jersey 08816-1100
                                   T: (732) 993-9850
                                   F: (732) 993-9851
                                   roman.galas@ansalaw.com
                                   *Attorneys for Defendant KONE Inc.*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I certify that, to the best of my knowledge, the matter in controversy is the subject of an action pending in the New Jersey Division of Workers' Compensation, Jersey City Vicinage, Case No. 2016-10888. It is not the subject of any action pending in any other Court or of a pending arbitration proceeding.

Dated:  July 25, 2016

*/s/ Roman T. Galas*
Roman T. Galas, Esquire
ANSA ASSUNCAO, LLP
Two Tower Center Blvd., Suite 1600
East Brunswick, New Jersey 08816-1100
T: (732) 993-9850
F: (732) 993-9851
roman.galas@ansalaw.com
*Attorneys for Defendant KONE Inc.*

To:     Superior Court of New Jersey
        Law Division, Hudson County
        William Brennan Courthouse
        583 Newark Avenue
        Jersey City, NJ 07306

        Ronald P. Botehlo, Esquire
        Chasan Leyner & Lamparello, PC
        300 Lighting Way
        Secaucus, NJ  07094
        *Attorney for Plaintiff*

## <u>VERIFICATION</u>

1.      I, ROMAN T. GALAS, am an attorney at law of the State of New Jersey and a partner in the law firm of ANSA ASSUNCAO, LLP, attorneys for Defendant KONE Inc. ("Defendant") in the within matter.

2.      Pursuant to Fed. R. Civ. P. 11, I certify that I have read the foregoing Notice of Removal, have personal knowledge of the above-stated facts, and am authorized to make this Verification on behalf of Defendant.  To the best of my knowledge, information, and belief formed after reasonable inquiry, the above-referenced Notice of Removal is well grounded in fact, is warranted by existing law, and is not interposed for an improper purpose nor filed to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

3.      This Verification is being made by your deponent and not by the Defendant in order to avoid unnecessary delay and because it appeared unlikely that Defendant could render this Verification within the time prescribed for removal.

4.      I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  July 25, 2016

           */s/ Roman T. Galas*
           Roman T. Galas, Esquire
           ANSA ASSUNCAO, LLP
           Two Tower Center Blvd., Suite 1600
           East Brunswick, New Jersey 08816-1100
           T: (732) 993-9850
           F: (732) 993-9851
           roman.galas@ansalaw.com
           *Attorneys for Defendant KONE Inc.*