# EXHIBIT A

CHASAN LEYNER & LAMPARELLO, PC
300 Lighting Way
Secaucus, New Jersey 07094
(201)348-6000
Attorneys for Plaintiff PATRICIA BAQUERO
Our File Number: 00925-4751

| | |
|---|---|
| PATRICIA BAQUERO <br><br> Plaintiff, <br><br> v. <br><br> KONE, INC. (a Delaware Corporation); and JOHN DOES 1-10 & ABC COMPANIES 1-10 (fictitious names), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: HUDSON COUNTY <br> DOCKET NUMBER: HUD-L-2508-16 <br><br> Civil Action <br><br> SUMMONS |

From the State of New Jersey to the Defendant named above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, NJ 08625. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee

of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

/s/ *Michelle M. Smith*

MICHELLE M. SMITH, ACTING CLERK

Dated: June 24, 2016

**Name of Defendant to be served:**    KONE INC.

**Address of the Defendant to be served:**    150 Mt. Bethel Road, Bldg. 2
Suite 205
Warren, NJ 07059

HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY      NJ 07306

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 217-5162
COURT HOURS  8:30 AM - 4:30 PM

DATE:   JUNE 21, 2016
DOCKET: HUD L -002508 16

THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 3.

DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON JOSEPH A. TURULA

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM   001
AT  (201) 795-6116.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDAN
WITH R. 4:5A-2.

ATTENTION:
                          ATT: RONALD P. BOTELHO
                          CHASAN LEYNER & LAMPARELLO PC
                          300 LIGHTING WAY
                          SECAUCUS             NJ 07094

AJDIN1

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for Initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed

| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
|---|
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Ronald P. Botelho, Esq. | (201) 348-6000 | Hudson |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Chasan Leyner & Lamparello, PC | HUD-L-2508-16 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 300 Lighting Way Secaucus, NJ 07094 | Complaint |
| | JURY DEMAND ☒ Yes ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Patricia Baquero | Patricia Baquero v. KONE, Inc., and John Does 1-10 & ABC Companies 1-10 |

| CASE TYPE NUMBER (See reverse side for listing) | HURRICANE SANDY RELATED? | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO |
|---|---|---|
| 606 | ☐ YES ☒ NO | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? | IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☒ Yes ☐ No | NJ Div Workers' Comp No. 2016-10888 |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ Yes ☒ No | ☐ NONE ☒ UNKNOWN |

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: |
|---|---|
| ☐ Yes ☒ No | ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ Yes ☒ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| ☐ Yes ☒ No | |

| WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
|---|---|
| ☐ Yes ☒ No | |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE: _____

## IMPORTANT REMINDER

You have recently filed a complaint in the Law Division, Hudson County. Enclosed please find a copy of the complaint marked "Filed" and the Track Assignment Notice (TAN). Please be sure to use the assigned docket number on all future pleadings, correspondence, etc.

You are reminded of the following:

R.4:4-1. requires that the summons is to be issued within 15 days from the date of the Track Assignment Notice.

R.4:4-7. requires that "proof of service" shall (mandatory) be promptly filed with the court within the time during which the person served must respond (35 days) by the person making service or by the party on whose behalf service is made.

"Proof of Service" should be filed with the Judge/Team indicated on the Tan.

Please carefully read, understand and follow R.4:24-1., Time for Completion of Discovery, and R. 4:24-2., Motions Required to Be Made During Discovery Period.

Always be aware of the operative Discovery End Date (DED) for your case. If in doubt, you can contact the Team indicated on the TAN or this information may be found on the Judiciary's website homepage at www.njcourtsonline.com under the heading "civil discovery end date search."

Mary K. Costello
Presiding Judge Civil Division

Ronald P. Botelho, Esq. [044422011]
CHASAN LEYNER & LAMPARELLO, PC
300 Lighting Way
Secaucus, New Jersey 07094
(201) 348-6000
Attorneys for Plaintiff PATRICIA BAQUERO
Our File Number: 00925-4751

**FILED**
CUSTOMER SERVICE TEAM
JUN 20 2016
SUPERIOR COURT OF NEW JERSEY
COUNTY OF HUDSON
CIVIL DIVISION #4

| | |
|---|---|
| PATRICIA BAQUERO<br><br>Plaintiff,<br><br>v.<br><br>KONE, INC. (a Delaware Corporation); and JOHN DOES 1-10 & ABC COMPANIES 1-10 (fictitious names),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br>DOCKET NUMBER: HUD-L- 2508-16<br><br>Civil Action<br><br>COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, REQUEST FOR ANSWERS TO INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, REQUEST FOR INSURANCE INFORMATION |

Plaintiff PATRICIA BAQUERO ("Plaintiff"), residing at 695 Minnie Place, Secaucus, New Jersey 07094, County of Hudson, State Of New Jersey, by way of Complaint against the Defendants KONE, INC. (a Delaware Corporation) ("KONE") and JOHN DOES 1-10 & ABC COMPANIES 1-10 (fictitious names), herein says that all times mentioned herein:

## FIRST COUNT
(Negligence)

1. Defendant KONE was a Delaware Corporation authorized to transact business in the State of New Jersey.

2. Defendant KONE had its North American headquarters located at 4225 Naperville Road, Lisle, IL 60532, and regularly does business throughout the State of New Jersey, including but not limited to its service center located 150 Mt. Bethel Road, Bldg. 2, Suite 205, Warren NJ, 07059.

3. KONE, through its agents, servants and employees, was responsible for servicing facilities and elevator equipment on the premises owned and operated by University Hospital, 150 Bergen Street, Newark, NJ 07103.

4. On or about June 24, 2014, Plaintiff PATRICIA BAQUERO was an employee and business invitee of University Hospital.

5. At the aforementioned time and place Plaintiff attempted to enter an elevator at the University Hospital.

6. The doors for the elevator struck Plaintiff.

7. The doors trapped Plaintiff.

8. The doors seriously injured Plaintiff.

9. Defendant KONE was negligent in manufacturing, installing, designing, altering, modifying, servicing, inspecting and maintaining the subject elevator and elevator component parts.

10. Defendant KONE, by and through its agents, servants and employees, was negligent in maintaining a dangerous condition, namely the elevator cab and accompanying elevator system and its component parts that was being used by the Plaintiff on the date of the

2

incident, in failing to inspect the elevator cab and accompanying machinery for the subject elevator prior to the occurrence of the incident, in failing to have installed certain machinery that would have provided for the safe operation of said elevator cab, in failing to ensure the structure within which the elevator was operating was safe and free from outside hazards, and in failing to have appropriate warnings relative to the aforesaid dangerous condition which caused the elevator cab doors to malfunction.

11.     Defendant KONE, INC. created, maintained, and/or adopted, and had actual and constructive knowledge of the dangerous condition, which was the cause of the aforesaid incident.

12.     Defendant, acting through its agents, servants and employees, within the course and scope of their employment, breached its duty of reasonable care to the Plaintiff.

13.     Defendant KONE, through its agents, servants, and employees, negligently and carelessly maintained the elevator, and other facilities associated with that equipment, at the premises, failed to provide adequate warnings of known hazards at the premises, failed to provide a safe means of ingress to and egress from the premises, failed to maintain and repair the elevator when it was known to be a hazard and danger to the public, and otherwise created a hazardous and dangerous condition to University Hospital's business invitees, including Plaintiff, PATRICIA BAQUERO.

14.     As a direct and proximate result of the aforesaid negligence of Defendant KONE, Plaintiff PATRICIA BAQUERO, was painfully and permanently injured, incurred, and in the future will incur, medical expenses to treat her injuries, was otherwise prevented from attending to her regular employment, pursuits, and duties, and will continue to suffer in the future.

3

WHEREFORE, Plaintiff PATRICIA BAQUERO demands judgment against Defendant KONE for compensatory and punitive damages, attorney's fees, interest and costs of suit, and such other and further relief as the Court may deem proper.

## SECOND COUNT
(Product Liability)

1. Plaintiff repeats the prior paragraphs.

2. Defendant KONE was a "product seller" of elevators pursuant to N.J.S.A. 2A:58C-8.

3. Defendant KONE was a "manufacturer" pursuant to N.J.S.A. 2A:58C-8.

4. Defendant KONE was strictly liable to the Plaintiff for design defects under N.J.S.A. 2A:58C-2 for the harm, damages and injuries complained of herein by reason of having modified, altered, maintained and placed into the stream of commerce the subject elevator and component part of the elevator.

5. At all times relevant herein, Defendant KONE was strictly liable to Plaintiff for manufacturing defects under N.J.S.A. 2A:58C-2 for the harm, damages, and injuries by placing the subject elevator and elevator component parts in the stream of commerce that was not reasonably fit, suitable, or safe for its intended purposes because it deviated from the design specifications, formulae for performance standards of the manufacturer or otherwise identical units manufactured to the same manufacturing specifications or formulae.

6. Defendant KONE, having installed, serviced, modified and altered the subject elevator and its component parts, was further negligent in failing to warn the Plaintiff of the design defects of said elevator and the negligent modification of the elevator support system and component parts including the elevator cab.

4

7.  At all times relevant herein, Defendant KONE was negligent in failing to warn the Plaintiff pursuant to N.J.S.A. 2A:58C-4 of the design defects and manufacturing defects of the subject elevator and the defects in the component parts of the elevator system utilized by invitees and licensees at University Hospital.

8.  At all times relevant herein, the subject elevator and its component parts were not an improvement to real property and were a product as contemplated in the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1.

9.  Pursuant to N.J.S.A. 2A:58C-2 & C-4, Defendant KONE is liable to the Plaintiff for failing to warn of the inherent defects of the elevator and its component parts after servicing and modifying the aforesaid elevator.

10. Subsequent to Defendant KONE's manufacture, distribution, modifications, alterations and maintenance of the subject elevator and its component parts, Defendant KONE acquired knowledge of design defects of said elevator and similarly manufactured elevators which were avoidable under the "state of the art" at the time of the manufacture of said elevator.

11. Defendant KONE knew or should have known that the design defects of said elevator and its component parts were in fact correctable at the time at which maintenance services were being performed on the elevator before the time of the aforesaid incident.

12. Pursuant to N.J.S.A. 2A:58C-2 and C-4, Defendant KONE is liable to the Plaintiff for failure to warn of the defects of said elevator and its component parts after the manufacture, modifications, servicing, maintenance and alterations of the subject elevator and its component parts, and was further negligent in failing to warn the owner of design defects in the elevator and its component parts.

13. Subsequent to the date of the manufacture and installation of the subject elevator, Defendant KONE negligently modified and serviced said elevator and its component parts which negligent servicing and modification was a proximate cause of the subject incident.

14. As a direct and proximate cause of Defendant KONE's actions and omissions by manufacturing, altering, modifying, and servicing the unsafe elevator and component parts, the Plaintiff suffered injuries requiring medical treatment, was caused pain and suffering, was prevented from pursuing her usual activities and has been left with permanent disabilities that will affect the Plaintiff in the future.

WHEREFORE, Plaintiff PATRICIA BAQUERO demands judgment against Defendant KONE for compensatory and punitive damages, attorney's fees, interest and costs of suit, and such other and further relief as the Court may deem proper.

### THIRD COUNT
(Breach of Express and Implied Warranties)

1. Plaintiff repeats the prior paragraphs.

2. Defendant KONE was engaged in the business of modifying, servicing, altering, inspecting and maintaining the elevator and component parts to the elevator.

3. Defendant KONE expressly and impliedly represented to the Plaintiff that the subject elevator was safe and proper for its intended use and purpose, and ensured to the Plaintiff that the elevator and component parts were of merchantable quality.

4. The subject elevator and elevator component parts were unfit and unsafe for their ordinary purpose, unmerchantable, unfit for use and were otherwise injurious to Plaintiff and did not conform to the express and implied promises or affirmations of facts made by Defendant KONE.

6

5. Through Defendant KONE's modification, alterations, servicing, inspecting and maintenance of the subject elevator and its component parts, Defendants KONE is a merchant pursuant to the enactment of the Uniform Commercial Code.

6. Defendant KONE breached the implied warranty of merchantability in the servicing, modification, alterations of the subject elevator and elevator component parts that were not fit for their ordinary and reasonably foreseeable purpose because of their defective and unreasonably dangerous condition as set forth above, and did not conform to the promises or affirmations of fact made by Defendant.

7. As a direct and proximate result of Defendant KONE's breach of express and implied warranties, Plaintiff sustained damages.

WHEREFORE, Plaintiff PATRICIA BAQUERO demands judgment against Defendant KONE for compensatory and punitive damages, attorney's fees, interest and costs of suit, and such other and further relief as the Court may deem proper.

## FOURTH COUNT
(Fictitious Defendants)

1. Plaintiff repeats the prior paragraphs.

2. An insufficient amount of time has passed within which to determine the identity of any other persons or business entities who may be responsible for the incident. Said persons and business entities have been named as JOHN DOES 1-10 & ABC COMPANIES 1-10 (fictitious names).

3. At all times herein mentioned, Defendants JOHN DOES 1-10 & ABC COMPANIES 1-10 were individuals and business entities, whose identities are unknown, and who owned, managed, operated, maintained, and/or controlled the aforesaid premises and the

7

elevator on the premises, or were otherwise hired or obligated to manage, maintain, operate, control, work on in any way, and/or provide a safe elevator at University Hospital.

4. At all times herein mentioned, Defendants JOHN DOES 1-10 & ABC COMPANIES 1-10 negligently and carelessly performed the aforesaid duties at the premises, and negligently and carelessly maintained and repaired the relevant equipment which caused Plaintiff to sustain the injuries of which she herein complains.

5. As a direct and proximate result of the aforesaid negligence by Defendants JOHN DOES 1-10 & ABC COMPANIES 1-10, together with the negligence of the other named Defendant, Plaintiff PATRICIA BAQUERO, was painfully and permanently injured and otherwise damaged as previously set forth herein at length.

6. Plaintiff reserves the right to amend the Complaint when and if the identities of JOHN DOES 1-10 & ABC COMPANIES 1-10 become known.

WHEREFORE, Plaintiff PATRICIA BAQUERO demands judgment against Defendant KONE for compensatory and punitive damages, attorney's fees, interest and costs of suit, and such other and further relief as the Court may deem proper.

### FIFTH COUNT
(Punitive Damages)

1. Plaintiff repeats the prior paragraphs.

2. Defendant KONE knew before the aforesaid incident that there were defects in said elevator, which defects caused the elevator cab doors to malfunction.

3. The conduct of Defendant KONE as noted previously herein was intentional, grossly negligent, willful and/or wanton, and Plaintiff demands common law punitive damages against Defendant KONE.

4. Pursuant to N.J.S.A. 2A:15-5-9 Plaintiff is entitled to punitive damages because the conduct of the Defendant in the manufacture, modification, alteration, inspection and maintenance of the aforementioned elevator and elevator component parts was accompanied by an intentional act and wanton disregard of the safety of the Plaintiff.

5. The aforesaid intentional, grossly negligent, willful and/or wanton acts of Defendant KONE were the proximate causes of Plaintiff's injuries previously set forth herein at length.

WHEREFORE, Plaintiff PATRICIA BAQUERO demands judgment against Defendant KONE for compensatory and punitive damages, attorney's fees, interest and costs of suit, and such other and further relief as the Court may deem proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues herein.

### DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to R. 4:25-4, PETER L. MacISAAC, Esq. is hereby designated trial counsel.

CHASAN LEYNER & LAMPARELLO, P.C.
Attorneys for Plaintiffs

By: _____
RONALD P. BOTELHO, ESQ.

Dated: June 20, 2016

## DEMAND FOR ANSWERS TO INTERROGATORIES
## PURSUANT TO R.4:17-1(b)

Plaintiff hereby demands that defendants named in the above Complaint provide Answers to Form C, C(2) and C(4) Uniform Interrogatories (Appendix II, N.J. Court Rules).

CHASAN LEYNER & LAMPARELLO, P.C.
Attorneys for Plaintiffs

By: _____
RONALD P. BOTELHO, ESQ.

Dated: June 20, 2016

## CERTIFICATION (R.4:5-1)

1. This matter in controversy is the subject of an action pending in the New Jersey Division of Workers' Compensation, Jersey City Vicinage, Case No. 2016-10888. It is not the subject of an action pending in any other Court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated.

2. No other party is presently known to plaintiffs who should be joined in this action.

3. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willingly false, I am subject to punishment.

CHASAN LEYNER & LAMPARELLO
Attorneys for Plaintiffs

By: _____
RONALD P. BOTEHLO

Dated: June 20, 2016

10

premises, *including a maintenance contract or agreement*, for the entire premises and as it relates to the subject elevator.

3. All insurance agreements and policies maintained by defendant effective June 24, 2014, in accordance with R. 4:10-2(b).

4. Any photographs, videos, surveys, sketches, diagrams, blueprints or any other documentary evidence concerning the premises at University Hospital, Newark, NJ, and the subject elevator, as it appeared on June 24, 2014.

5. Any statements of any party to this lawsuit, or their agents, servants and employees.

6. Any statements by eyewitnesses to the incident.

7. Any expert reports on the issue of liability, causation or damages.

8. Any invoices, agreements, contracts and/or other documents concerning maintenance work performed by or on behalf of Defendant on the elevator which is the subject of this complaint, from January 1, 2013 to the present.

9. The names, addresses and current telephone numbers of all agents, servants and employees of Defendant who were present at or near the premises at the time of the incident.

10. Any photographs, videotapes, recordings, or any other documentary evidence of Plaintiff and Plaintiff's incident, whenever recorded, since June 24, 2014, including, but not limited to, security videotapes of the premises on June 24, 2014 depicting Plaintiff, and the flow of other invitees in any area near the incident at the premises.

11

11. Any documentation relating to any inspection performed at the premises by any municipal, state or federal office or agency, or private company, including, but not limited to, all notices, reports, citations, punch lists, bills, receipts or other documents relating to or resulting from such inspection.

12. Any documentation relating to the corporate, business, or trade name filings for any of the defendant named in the Complaint.

13. Any documentation showing the make, model, serial number and date of manufacture of the subject elevator.

### REQUEST FOR INSURANCE INFORMATION

PLEASE TAKE NOTICE that pursuant to R. 4:10-2(b), Plaintiff hereby demands production of a copy of any and all insurance agreements under which Defendant may be covered to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

CHASAN LEYNER & LAMPARELLO, PC
Attorneys for Plaintiff



PATRICIA BAQUERO

Plaintiff

vs

KONE INC., ET AL

Defendant

FILED
TEAM #1
JUL 01 2016
SUPERIOR COURT OF NEW JERSEY
COUNTY OF HUDSON
CIVIL DIVISION #1

20160624153336

Superior Court Of New Jersey

HUDSON Venue

Docket Number: HUD L 2508 16

**Person to be served** (Name and Address):
KONE INC.
150 MT. BETHEL RD., BLDG 2 SUITE 205
WARREN NJ 07059
**By serving:** KONE INC.

**Attorney:** RONALD P. BOTELHO, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT NOTICE, REMINDER, DEMANDS, REQUEST FOR DOCUMENTS

**Service Data:** [X] Served Successfully   [ ] Not Served

Date/Time: 6/27/2016 2:31 PM

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 4 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service e.g. managing agent, registered agent, etc. (indicate name & official title at right)

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____

Name of Person Served and relationship/title:

ED DIFILIPPIS

FULFILLMENT SPECIALIST

**Description of Person Accepting Service:**

SEX: M   AGE: 36-50   HEIGHT: 5'9"-6'0"   WEIGHT: 161-200 LBS.   SKIN: WHITE   HAIR: WHITE   OTHER: ___

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:   Date/Time: ___
                     Date/Time: ___
                     Date/Time: ___

Other:

**Served Data:**
Subscribed and Sworn to me this 28 day of June, 2016

Notary Signature: _____
JACKELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires Dec. 15, 2020
Commission Expiration

I, NUNO VEIGA, was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Process Server   06/28/2016 Date

Name of Private Server: NUNO VEIGA   Address: 2009 Morris Avenue UNION, NJ 07083   Phone: (800) 672-1952

JB