**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA BAQUERO,<br><br>　　　　Plaintiff<br>vs.<br><br>KONE, INC.,<br><br>　　　　Defendant. | Civ. No. 16-4506<br><br>**MEMORANDUM OPINION<br>and ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

　　This matter comes before the Court on the motion of defendant KONE Inc. to dismiss Counts 3 and 5 of the Complaint filed in this action by plaintiff Patricia Baquero, and to strike the demands for punitive damages and attorney's fees. For the reasons stated herein, the motion will be granted in part and denied in part. Count 3 is dismissed; the motion is otherwise denied.

**Standard**

　　The *Twombly/Iqbal* standards governing a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim upon which relief may be granted are by now familiar. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

1

A short and plain statement of plaintiff's entitlement to relief will do. *See* Fed. R. Civ. P. 8(a). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

**Analysis**

The complaint (ECF no. 1-1 at 7) alleges that the plaintiff, Ms. Baquero, allegedly struck and trapped by the doors of an elevator at University Hospital in Newark. She has sued KONE, which, pursuant to a contract, was responsible for servicing and maintaining the elevator. The complaint has five counts: (1) Negligence; (2) Product Liability; (3) Breach of Express and Implied Warranties; (4) Fictitious Defendants (negligence); and (5) Punitive damages. Each count ends with a demand for "compensatory and punitive damages, attorney's fees, interest and costs of suit, and such other and further relief as the Court may deem proper." KONE has moved to dismiss the warranty claims in Count 3; the punitive damages claim of Count 5; and all demands for attorney's fees and punitive damages.

Count 3 alleges breach of express and implied warranties under New Jersey's version of the Uniform Commercial Code. The reference is evidently to N.J. Stat. Ann. §§ 12A:2-313, 314, 315. Count 3 must be dismissed, says

2

KONE, because chapter 2 of the NJ UCC applies to sellers of goods, not providers of services like itself. *See* N.J. Stat. Ann. § 12A:2-102 ("this chapter applies to transactions in goods"); *see also id.* 2-105 (defining "goods"). Services provided under a contract fall outside the scope of chapter 2; a breach of warranty claim, argues defendant KONE, therefore cannot be founded upon a contract for services. *See* KONE Brf. at 5–6 (citing *Hillas v. Wetinghouse Elec. Corp.* 293 A.2d 419, 424–25 (N.J. Super. Ct. App. Div. 1972); *New Skies Satellites, B.V. v. Home2US Commc'ns, Inc.*, 9 F. Supp. 3d 459, 468 (D.N.J. 2014); *SRC Constr. Corp. of Monroe v. Atl. City Hous. Auth.*, 935 F. Supp. 2d 796, 801 (D.N.J. 2013)).

Baquero's opposing brief is silent as to Count 3. I take that as a concession. Reviewing the authorities cited by KONE, I find that concession to be sound. *Hillas,* for example, is a personal injury action against an elevator maintenance company, brought by a woman who fell when entering the elevator. She challenged the trial court's exclusion of jury instructions on breach of warranty (as well as strict liability in tort). The appellate court rejected that contention, stating that "[w]e have not been referred to any decisional authority that predicates liability upon a service company (who is not the manufacturer) on any theory other than negligence in the performance of its duties." 293 A.2d at 424. KONE's motion, insofar as it seeks dismissal of Count 3, is therefore GRANTED.

KONE next seeks to strike Count 5, which seeks punitive damages, as well as to strike the demand for punitive damages that follows each of the other Counts of the complaint.

To prevail on a claim for punitive damages, a plaintiff must prove that the defendant acted with "actual malice" or with "a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions." See N.J. Stat. Ann. § 2A:15-5.12. *See also Rendine v. Pantzer,* 661 A.2d 1202, 1215 (N.J. 1995) (conduct that is "especially egregious" in the sense

3

of being intentional, evil-minded, wantonly reckless of malicious). I will not, however, strike the demands for punitive damages at this, the pleading stage.

It is true, as KONE says, that counts 1 through 4 demand punitive damages but do not allege specifically that the conduct was wanton or especially egregious. As to states of mind, however, I am more inclined to permit a general allegation, leaving it to the discovery process to sort out the evidence from which such a state of mind may be inferred.

Count 5, as it happens, does allege that KONE knew before the incident that the elevator and its doors were defective, and it alleges that KONE's conduct was intentional, grossly negligent, willful and/or wanton. KONE protests that Count 5 cannot save the demands for punitive damages in the other counts, because Count 5 itself should be dismissed. It should be dismissed, says KONE, because there is no standalone cause of action for punitive damages under New Jersey law. That is true; punitive damages are a remedy, supplemental to compensatory damages, for some recognized legal wrong. *See Hassoun v. Cimmino,* 126 F. Supp. 2d 353, 372 (D.N.J. 2000).

At worst, however, Count 5 is superfluous. Dismissing it, and then claiming that the complaint lacks the necessary supporting allegations for punitive damages, would be a highly formalistic decision, inconsistent with the spirit of the Federal Rules. That procedural two-step is empty of substance and, frankly, a waste of everyone's time. There is no point going through another round of pleading because the necessary allegations are on page 9, rather than page 6, of the Complaint. This Complaint serves its function of placing the defendant on notice of the plaintiff's claims.[1]

Finally, KONE seeks to strike each count's demand for attorney's fees. Once again, there is no need to strike this item from the laundry list of relief

---

[1] KONE of course asserts that this complaint does not meet federal pleading standards. I cannot resist observing that Ms. Baquero, who never sought a federal forum, filed her simple complaint in State court; it is KONE that removed it to this federal court.

requested, or to require that a Complaint contain citations to legal authority. The Counts set forth claims for relief, as required by Rules 8(a) and 12(b)(6). Once the claims take shape in discovery, any entitlement, or not, to this particular form of relief can be addressed.

## ORDER

This matter having come before the Court on the motion (ECF no. 3) of the defendant, KONE INC., to dismiss Counts 3 and 5, and to strike certain allegations of the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6); and the plaintiff, Patircia Baquero, having filed a response (ECF no. ); and the defendant having filed a reply (ECF no. ); and the Court having considered the matter without oral argument; for the reasons expressed in the foregoing Opinion, and good cause appearing therefor;

IT IS this 19th day of December, 2016,

ORDERED that the motion to dismiss (ECF no. 3) is GRANTED IN PART and DENIED IN PART, as follows:

(a) Count 3 of the Complaint is dismissed;

(b) The motion is otherwise denied.

_____
Hon. Kevin McNulty
United States District Judge